WILLIAM HARRY CHIPPS, JR. v. MONTY DAVIS RACKLEY AND
JO ANN GAINEY RACKLEY

No. 745DC174

(Filed 1 May 1974)

**Automobiles § 90— automobile collision case — insufficiency of instructions**
     Trial court's application of the law to the facts in this automo-
bile collision case was not sufficient to instruct the jury properly.

     Judge CAMPBELL dissents.

     APPEAL by plaintiff from *Barefoot, District Court Judge,* 30
July 1973 Session of District Court held in NEW HANOVER
County.

     Plaintiff brought this action to recover damages for per-
sonal injuries resulting from an automobile accident. One of
the vehicles involved was driven by defendant Monty Rackley
and owned by his stepmother, defendant Jo Ann Rackley. De-
fendants counterclaimed for damages for personal injury and
property damage, respectively.

     Plaintiff offered evidence tending to show the following.
Plaintiff, a Wilmington police officer, was responding to an
emergency call to assist a fellow officer and traveling north on
Carolina Beach Road at approximately 55 miles an hour. The
police cruiser's blue light and siren were on. Carolina Beach
Road has two northbound lanes, two southbound lanes and a
center lane for left and right turns. Just prior to the accident,
plaintiff's vehicle was in the inside northbound lane. Defendant
Monty Rackley was proceeding north in a parking lane in front
of a drive-in restaurant located on the east side of Carolina
Beach Road. Defendant turned left and headed west across
Carolina Beach Road into the path of plaintiff's vehicle. Plain-
tiff's car struck defendant's car in the left side resulting in
serious injuries to plaintiff.

     Defendants' evidence indicated the following. Defendant
Monty Rackley who was driving an automobile owned by defend-
ant Jo Ann Rackley turned right onto Carolina Beach Road from
a drive-in restaurant parking lane. He gradually eased into the
inside northbound lane and then into the turn lane. Defendant
flashed his left signal light in conjunction with each lane change.
Again after giving a left turn signal, defendant finally proceeded
to turn left from the center lane and was struck by plaintiff's

State v. Warren

vehicle. Defendant denied seeing a blue light or hearing a siren before the accident. As a result of injuries sustained in the wreck, defendant Monty Rackley incurred medical expenses and was unable to work for a week. Defendant Jo Ann Rackley's automobile was badly damaged.

The jury found plaintiff was not entitled to recover any amount. It awarded Jo Ann Gainey Rackley $3,000.00 on her counterclaim but did not award damages to Monty Rackley.

*William K. Rhodes, Jr., by Jay D. Hockenbury for plaintiff appellant.*

*Smith & Spivey by Jerry L. Spivey for defendant appellees.*

VAUGHN, Judge.

Plaintiff's motion for a directed verdict on the counterclaim was properly denied. The case was one for the jury. Careful consideration of the charge, however, leads us to the conclusion that, although the judge fully recapitulated the evidence and properly declared the law in general terms, there was an insufficient application of the law to the facts of the case then being tried. Additionally, upon retrial, since the application of the family purpose doctrine has been admitted, the judge should make it clear that any negligence of defendant Monty Rackley bars recovery by Jo Ann Rackley.

New trial.

Judge MORRIS concurs.

Judge CAMPBELL dissents.